### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| REX REESE, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>WESTROCK MILL COMPANY, )<br>LLC, et al., )<br> )<br> Defendants. ) | CASE NO: _____ |

### NOTICE OF REMOVAL

Defendant WestRock CP, LLC ("Defendant" or "WestRock"), improperly designated in Plaintiff's Complaint as Westrock Mill Company, LLC, hereby gives notice of its removal of Case No. 48-CV-2022-900057.00 from the Circuit Court of Marengo County, Alabama to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. §§ 1441 and 1446. In addition to removing this matter, WestRock specifically reserves the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for removal, WestRock states as follows:

### INTRODUCTION

1. Plaintiff Rex Reese commenced this action in the Circuit Court of Marengo County, Alabama, Case No. 48-CV-2022-900057.00, on July 29, 2022 by filing a Complaint against WestRock Mill Company, LLC and Fictitious Parties A, B, and/or C (*See* **Exhibit A**, Complaint).

2. Reese's Complaint alleges a variety of negligence/wantonness theories against WestRock for injuries he claims to have sustained on May 18, 2021 at WestRock's facility in Demopolis, Alabama. Reese states four causes of action: (1) Working Environment Negligence; (2) Premises Negligence; (3) Failure to Warn; and (4) Negligent Lockout Procedures. (*See generally* **Ex. A**, Complaint).

3. Reese states that on May 18, 2021, while an employee of H&M Construction Company, LLC, he was subcontracted for work at WestRock's Demopolis facility at 28270 U.S. Highway 80 West, Demopolis, Alabama. (*Id.* at ¶ 6). Reese alleges that he was injured due to unsafe working conditions, including a failure to follow federally mandated lockout procedures. (*Id.* at ¶ 21).

4. Reese maintains that WestRock's negligence and wantonness proximately caused him to suffer physical injuries, which required him to undergo and incur expenses for medical evaluation and treatment, as well as past and future physical pain and mental anguish. (*Id.* at ¶ 10). Reese seeks compensatory and punitive damages. (*Id.* at ¶ 8).

5. This action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. WestRock was served on July 31, 2022. Because this Notice of Removal is filed within thirty days after service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446 (b)(1).

7. A true and correct copy of all process, pleadings, and orders in the state court action is attached hereto as **Exhibit B**.

8. Written notice of the filing of this Notice of Removal will be provided to all adverse parties in this case, and a copy will be filed with the Clerk of the Circuit Court of Marengo County, Alabama, as directed by 28 U.S.C. § 1446(d), along with a Notice of Filing Notice of Removal.

## BASIS FOR REMOVAL

### A. There is complete diversity of citizenship between the parties.

9. Under 28 U.S.C. § 1332 (a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and cost. *See Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000). Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n. 31 (11th Cir. 2007).

10. This Court is statutorily obligated to exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties,

and because the amount in controversy is more than likely greater than $75,000, exclusive of interests and costs. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.").

11. For individuals like Reese, citizenship is determined by where he is domiciled. *McCormick v. Aderholt*, 293 F. 3d 1254, 1257–58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.").

12. At the time Reese commenced this action, and at all times since, he has been a citizen of Marengo County, Alabama. (Ex. A, Complaint at ¶ 1).

13. For LLCs like WestRock, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). WestRock CP, LLC is a limited liability company whose sole member is WestRock RKT, LLC. (**Exhibit C**, Georgia Secretary of State Filings). WestRock RKT, LLC is 100% owned by its sole member WRKCo Inc. (*Id.*). WRK Co Inc. is a Delaware corporation with its principal place of business in the state of Georgia.

(*Id.*). Consequently, WestRock CP, LLC is a citizen of Delaware and Georgia for diversity purposes.[1]

14. Because Reese is a citizen of Alabama while WestRock is a citizen of Delaware and Georgia, the parties are diverse for the purposes of diversity jurisdiction.

    **B.**    <u>**The amount in controversy exceeds $75,000.**</u>

15. Reese does not request a specific sum of damages within his Complaint. Nevertheless, a defendant may assert the amount in controversy in its Notice of Removal. *See* 28 U.S.C. § 1446 (c)(2) (effective for all cases commenced after January 6, 2011, under the Federal Courts Jurisdiction and Venue Clarification Act of 2011). To that end, WestRock asserts that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Under this standard, when a plaintiff's complaint is silent as to the amount of damages, a defendant seeking removal based on diversity jurisdiction need show only, by preponderance of the evidence, that over $75,000 is likely at stake in the litigation to satisfy § 1332's amount in controversy requirement -- not

---

[1] WestRock Mill Company, LLC though named improperly, is also a citizen of Delaware and Georgia. (**Exhibit D**). WestRock Mill Company, LLC is a limited liability company. Its sole member is WestRock Converting, LLC. (*Id.*). WestRock Converting, LLC is 100% owned by its sole member, WestRock RKT, LLC. (*Id.*). WestRock RKT, LLC is 100% owned by its sole member WRKCo Inc., which is a citizen of Delaware and Georgia. (**Ex. C**).

that the plaintiff will likely or necessarily recover more than $75,000. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (quoting the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act). The relevant inquiry is not how much a plaintiff is likely to recover, but whether the total amount at stake in the litigation may exceed the jurisdictional threshold. *S. Fla. Wellness,* 745 F.3d at 1315; *see also Hammond v. Stamps.com*, 844 F. 3d 909, 912 (10th Cir. 2016) (Gorsuch, J.)("At the end of the day, even if it is highly improbable that the plaintiffs will recover the amounts defendants have put into controversy, this does not meet the 'legally impossible' standard [and the case should remain in federal court."); *Hockenbury v. Hanover Ins. Co.*, No. CIV-15-1003-D, 2016 WL 54213, at *2 (W.D. Okla. Jan. 5, 2016) (removal should be upheld only unless the plaintiff establishes that it is "legally certain" that less than $75,000 is at stake).

17.     "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996));

*see also* 28 U.S.C. § 1446(c)(2)(B). At times this may require additional evidence, and in other cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id*. (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

18. Here, it is apparent from the face of the complaint that the amount in controversy more likely than not exceeds $75,000.00. *See Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1224 (M.D. Ala. 2021) (holding that in evaluating the amount in controversy requirement a court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to aid in its determination . . .") (citing *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061–62 (11th Cir. 2010)).

19. Reese alleges he suffered physical injuries due to the Defendant's failure to properly lockout and/or tag "energized parts" at its Demopolis facility (**Ex. A**, Complaint at ¶ 22). He alleges that he suffers from mental anguish and emotional distress, has incurred medical costs and expenses, and will continue to incur medical costs and expenses. (*Id*. at ¶¶ 10, 15, 20). Reese seeks compensatory and punitive damages (*Id.* at p. 8). Accordingly, the facts alleged and the severity of the alleged injury establishes, viewed in the light of this Court's experience and common sense, that the amount in controversy more likely than not exceeds $75,000.00, exclusive

of interests and costs. *See Sullins*, 511 F. Supp. 3d at 1224 ("[T]he court is not required to 'suspend reality or shelve common sense' to determine whether the complaint or other documents establish the jurisdictional amount.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 770 (11th Cir. 2010)).

20.   Moreover, courts in this circuit routinely find that similar claims, allegations, and damages meet the $75,000 amount in controversy threshold. *See e.g., Smith v. Fam. Dollar Stores, Inc.*, No. 7:14-CV-161-SLB, 2014 WL 4793445, at *6 (N.D. Ala. Sept. 25, 2014). Compensatory damages in negligence and wantonness actions in Alabama have often resulted in substantial recoveries for mental anguish and other harms well exceeding the $75,000.00 required for diversity jurisdiction. Indeed, jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims, including mental anguish, in premises liability cases. *Walker v. Wal-Mart Stores, Inc.*, 2018 AL Civil Trial Rptr. LEXIS 90, CV-2015-000040 (Nov. 8, 2017) ($7,500,000 verdict for plaintiff in negligence/wantonness premises liability case); *Preston v. Medical Center Hotel, Inc., et al.*, 2015 AL Civil Trial Rptr. LEXIS 413, CV-2012-901120 (June 15, 2015) ($420,050 verdict for plaintiff in negligence premises liability case); *Waters v. Paul Enterprises, Inc.*, 2014 AL Civil Trial Rptr. LEXIS 326, CV-2009-901607 (Aug. 21, 2014) ($675,000 verdict for plaintiff in negligence premises liability case alleging negligent maintenance of an unsafe condition on a loading dock).

21. In addition, Plaintiff alleges wanton conduct and seeks to recover punitive damages. The prospect of punitive damages must be taken into account in any calculation of the amount in controversy. *See, e.g., Thompson v. Lyndon S. Ins. Co.*, 2018 WL 3655167, at * 1 (N.D. Ala. July 25, 2018) ("To 'determin[e] the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered.'") (alterations in original) (quoting *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)); *Smith v. Family Dollar Stores, Inc.*, 2014 WL 4793445, at *5 (N.D. Ala. Sept. 25, 2014) (a court using " 'judicial experience and common sense' " can determine that, if plaintiff proves wanton conduct, "a reasonable jury would likely award significant punitive damages"). This Court may "reasonably infer" from Plaintiff's request for punitive damages that he is "seeking greater recovery than if [they] were merely seeking compensation for [their] injuries." *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013). Thus, Plaintiff's allegations of wanton conduct and their intent to seek punitive damages further establish that the amount in controversy exceeds $75,000.

22. Plaintiff's failure to allege they are seeking less than $75,000 further supports the conclusion that the amount in controversy requirement is satisfied here. *Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (Acker, J.) (denying motion to remand in case where complaint did not demand

specific dollar amount of damages). In *Smith*, Judge Acker concluded that, if a plaintiff "want[s] to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds," that plaintiff "will find herself in a federal court" unless she "expressly disclaim[s] any entitlement to more than $74,999.99 and categorically state[s] that plaintiff will never accept more." *Id. See also Robinson v. CEMEX Se., LLC*, No. 2:18-CV-1399-JEO, 2018 WL 5084857, at *3 (N.D. Ala. Oct. 18, 2018) ("If all a plaintiff has to do to defeat diversity jurisdiction is to elect to include an unspecified amount of damages in a complaint and include no details of the value of the claim, no diversity case would ever survive removal. Plaintiffs skilled in this form of artful pleading could, with this trick, simply make federal jurisdiction disappear. The court should not reward such obfuscating tactics. As such, the court finds that CEMEX has shown by a preponderance of evidence that the amount in controversy exceeds $75,000.") (internal quotations omitted).

23. Although WestRock denies Plaintiff's entitlement to any relief whatsoever, the foregoing establishes that the amount in controversy well exceeds the jurisdictional threshold of this Court by a preponderance of evidence. Accordingly, this Court has diversity jurisdiction under § 1332.

## ADOPTION AND RESERVATION OF DEFENSES

24. Defendant WestRock reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

25. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of WestRock's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Rule 12 of the Alabama or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## CONCLUSION

Defendant WestRock prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Marengo County, Alabama, to the United States District Court for the Southern District of Alabama.

Respectfully submitted this 30th day of August, 2022.

*/s/ Turner B. Williams*
Turner B. Williams (ASB-6757-A53T)
Al F. Teel (ASB-2400-O84V)
Madeline E. Hughes (ASB-4428-D19F)

COUNSEL FOR DEFENDANT
WESTROCK CP, LLC

**BURR & FORMAN LLP**
Shipt Tower, Suite 3400
420 N 20th Street
Birmingham, Alabama 35203
(205) 251-3000 (Telephone)
(251) 714-6898 (Facsimile)
Email: twilliams@burr.com
ateel@burr.com
mhughes@burr.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 30th day of August, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

T. Randall Lyons
David J. Maloney
**MALONEY LYONS, LLC**
601 Government Street
Mobile, Alabama  36602
Tel:  (251) 433-4440

*Counsel for Plaintiff Rex Reese*

*/s/ Turner B. Williams*
Turner B. Williams
