IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REX REESE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIV. ACT. NO. 2:22-cv-341-TFM-MU |
| | ) |
| WESTROCK CP, LLC, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's *Motion to Remand* (Doc. 8, filed 9/29/22). Plaintiff moves the Court to remand this matter back to state court claiming that the amount in controversy does not exceed $75,000.00. After careful consideration of the motion, response, reply, and relevant law, the Court **GRANTS** the motion for remand (Doc. 8).

### I.    BACKGROUND

This matter was originally filed in the Circuit Court of Marengo County, Alabama on July 29, 2022. Doc. 1-1. In the Complaint, Plaintiff Rex Reese ("Plaintiff" or "Reese") brings claims of negligence (working environment, premises), failure to warn, and negligent lockout procedures against Defendant Westrock CP, LLC ("Defendant" or "Westrock"). *Id*. He requests punitive damages, compensatory damages, and costs of the action, but states no specific amount in the complaint. *Id*.

On August 30, 2022, Westrock timely removed this matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1 at 1. Concurrent with its removal, Westrock filed its Answer. Doc. 2.

On September 29, 2022, Reese filed the instant motion to remand. Doc. 8. In response to

the Court's show cause order, Westrock concedes that the jurisdictional threshold of $75,000.00 is not met based on the current information. Doc. 11. As a result, it agrees the matter should be remanded. No reply was filed. The Court finds oral argument is unnecessary and the motion is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION AND ANALYSIS

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). Significantly, this means the Court may not consider damages accrued after removal. *See Burns*, 31 F.3d at 1097.

In the case at hand, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(c). Reese is a citizen of Alabama. Westrock is a LLC whose sole member is WestRock RKT LLC who is in turn 100% owned by WRK Co. Inc. WRK Co. Inc. is a Delaware corporation with its principal place of business in the state of Georgia. Accordingly, Westrock is a citizen of Delaware and Georgia. As a result, it is clear that diversity of citizenship exists.

Consequently, jurisdiction turns on whether the amount in controversy has been met. The Complaint does not state a specific monetary demand for compensatory and punitive damages. "[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)). "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *McGee v. Sentinel*

*Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (per curiam) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)).  To determine the amount in controversy, the Court is permitted:

> [T]o make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a complaint is removable.  Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.  Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (internal quotation marks and citations omitted).  However, "without facts or specific allegations, the amount in controversy" can be determined "only through speculation—and that is impermissible."  *Pretka*, 608 F.3d at 753-54 (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

In the case at hand, the complaint was silent as to a specific amount.  Moreover, Westrock concedes that the stipulations made by Plaintiff remove the amount-in-controversy issue and the jurisdictional threshold is not met.  The Court agrees.

However, the Defendant requests the Court include certain conditions in its remand order.  The Court declines to do so because it cannot "condition" the remand such as Defendant request (i.e., immediate and automatic removal again and the Court will accept jurisdiction).  28 U.S.C. § 1446 provides the statutory basis for removal and Defendant cites no authority – and the Court is not aware of any – to expand or contract that jurisdictional grant.  The issue here is whether the Court has jurisdiction or not.  Therefore, the Court will provide analysis beyond the Defendant's concession.

Subsequent events which may reduce the damages recoverable below the amount in controversy requirement do not deprive the court of jurisdiction.  *See Leonard v. Enterprise Rent*

*a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("we note that for purposes of this challenge ... the critical time is the date of removal .... If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *Poole v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) ("events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction.").

However, this does not mean that post-removal facts may never be considered when evaluating jurisdiction. "Rather the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal." *Land Clearing Co., LLC v. Navistar, Inc.*, Civ. Act. No. 11-0645-WS, 2012 U.S. Dist. LEXIS 8603, 2012 WL 206171, *3 (S.D. Ala. Jan. 24, 2012) (Steele, J.) (citing *Pretka*, 608 F.3d at 772-73; *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp.2d 1279, 1282 (S.D. Ala. 2009). Further, Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [the] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted).

In the case at hand, the complaint is silent as to the amount in controversy. While Westrock may have been reasonable in its belief that the amount in controversy *could* have exceeded based upon its explanation, the Court finds that the subsequent events by the Plaintiff are clarifications

and not changes to the original complaint. The stipulations merely clarify that it was not seeking an amount in excess of $75,000.00.

Further, Defendant attempts, for the first time in its response to the motion to remand, to state that attorney's fees in the amount to reach the aggregate over $75,000.00 without further explanation. This argument was not made in its original notice of removal. It is correct that attorneys' fees *may* be considered when calculating the amount in controversy if attorneys' fees are recoverable pursuant to statute, but that is not made clear here. The Court declines to perform analysis to facilitate meeting Defendant's burden for establishing amount in controversy. Moreover, the majority of courts in the Eleventh Circuit consider only the amount of attorneys' fees that have accrued at the time of removal. *See Walker v. United of Omaha Life Ins. Co.*, Civ. Act. No. 122-046, 2022 U.S. Dist. LEXIS 125893, at *4, 2022 WL 2794301, at *2 (S.D. Ga. Jun. 27, 2022), *adopted by* 2022 U.S. Dist. LEXIS 125701, 2022 WL 2793484 (S.D. Ga. Jul. 15, 2022) (collecting and comparing cases in note 1). This comports with the longstanding rule that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. Therefore, it is unclear whether any attorneys' fees could be utilized to meet the jurisdictional threshold.

Based on the above, the Court finds that the amount in controversy requirement is not met and remand is required. As to one of Defendant's requests, the Court notes it always retains jurisdiction over collateral matters even when a case is remanded and that need not be specifically noted. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990); *see also Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (A district court retains jurisdiction after remand to award costs).

"[A] district court appropriately may impose Rule 11 sanctions in a case in which the district court subsequently is determined to have been without subject matter jurisdiction." *Didie v. Howes*, 988 F.2d 1097, 1103 (11th Cir. 1993) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992)); *see also Hyde v. Irish*, 962 F.3d 1306 (11th Cir. 2020) ("The Supreme Court has told us that sanctions under Federal Rule of Civil Procedure 11 are a 'collateral' issue and thus a court may decide a Rule 11 sanctions motion even if it lacks jurisdiction over the underlying case."); *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) ("As both the Supreme Court and we have recognized, Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case.").

### IV.  C<small>ONCLUSION</small>

Accordingly, based on the foregoing analysis and by agreement of the parties, Plaintiff's *Motion to Remand* (Doc. 8) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Marengo County, Alabama.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 2nd day of November 2022.

>    /s/ Terry F. Moorer
>    TERRY F. MOORER
>    UNITED STATES DISTRICT JUDGE